IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Chapter 7 |
| Douglas & Kelly Weiderhold | : | Bankruptcy No.: 1-07-bk-02691 |
| Debtor | : | |

*****************************************************************************

| | | |
|---|---|---|
| Kelly Beaudin Stapleton,<br>United States Trustee | : | |
| Movant | : | |
| vs. | : | Motion to Dismiss Case Pursuant to<br>11 U.S.C. § 707(b)(1)&(2) |
| Douglas & Kelly Weiderhold, | : | |
| Respondent | : | |

## **OPINION**[1]

We are asked in this case to decide a question which has been answered differently by bankruptcy courts across the nation. Namely, does it constitute abuse under 11 U.S.C. § 707(b)(1) and (2)[2] for the chapter 7 debtors to claim vehicle ownership expenses on their unencumbered vehicles? We answer the question in the negative and will deny the United States Trustee's Motion to Dismiss.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a),(b)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

---

[1]This Opinion was drafted with the assistance of Kathryn F. Evans Esq., law clerk.

[2]Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

-1-

**Facts**

The Debtors filed for chapter 7 relief on August 29, 2007. It is stipulated that their debts are primarily consumer in nature. At the time of the filing, the Debtors owned three cars: a 1997 Chevrolet Cavalier, a 1997 Jeep Wrangler, and a 1999 Buick LeSabre. None of the vehicles had liens against them. On their Official Form B22A, the Debtors took deductions of $471.00 for Local Standards: transportation ownership/lease expense; vehicle 1 (B22A, box 23) and $332.00 for Local Standards: transportation ownership/lease expense; vehicle 2 (B22A, box 24). The parties have stipulated that if the transportation expenses are not allowed, the Debtors will have sufficient disposable income to raise the presumption of abuse under § 707(b)(2), resulting in a dismissal or conversion to another chapter. Conversely, if the transportation expenses are allowed, the United States Trustee has acknowledged that the case would not constitute abuse and the Debtors will be permitted to proceed with their case in chapter 7.

**Analysis**

The Trustee moves for dismissal pursuant to § 707(b)(1) and (2) arguing the presumption of abuse arises in this case. Section 707(b)(1) provides, in part, that a court:

> . . . may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or chapter 13 of this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter. . . .

Subsection (b)(2)(A)(i) furthers defines what constitutes "abuse" and allows for a presumption of abuse to be found under certain circumstances. This presumption test is codified in § 707(b)(2)(A) and is most commonly referred to as the means test. "Under BAPCPA the means test operates as a screening device utilizing income and expense calculations for debtors to

determine eligibility for bankruptcy relief." *Schultz v U.S.*, 369 B.R. 349, 351 (E.D. Tenn. 2007).

> To determine a debtor's expenses under the Means Test, the law does not always consider a debtor's actual, current income and expenses. Instead it includes only certain income sources and allows the debtor to reduce available income by certain expenses necessary for a basic standard of living. In addition to certain common, standard expenses the debtor is also allowed to count some expenses specific to the debtor based on his or her subjective circumstances. *In re Hice*, 376 B.R. 771, 773-74 (Bankr. D. S.C. 2007).

Section 707(b)(2)(A)(ii)(I) delineates what these expenses may include:

> The debtor's monthly expenses shall be the debtor's *applicable* monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, . . . § 707(b)(2)(A)(ii)(I) (emphasis added).

The transportation expenses at issue herein are categorized under the definition of Local Standards.

There is currently a split in this District as to the propriety of deducting the transportation expense for unencumbered vehicles. *See In re Talmadge,* 371 B.R. 96 (Bankr. M.D. Pa. 2007) (Judge Thomas holding transportation expense not permitted on B22A when there is no lien on the vehicle) *contrast, In re Vaughn,* 1-06-bk-00788-MDF (Bankr. M.D. Pa. filed June 8, 2007) (Judge France holding transportation expense is permitted on B22C regardless of liens on vehicles). As noted above, this dispute goes beyond the Middle District, in that there is currently a significant dispute between courts across the country on the proper interpretation of this particular subsection. The primary debate pivots on the interpretation of the term "applicable"; some courts have found the term to be unclear and thus have looked to the legislative history/

-3-

Internal Revenue Manual[3] ("IRM") for guidance; and, other courts have found the statutory language to be clear on its face.[4] I find the reasoning of the latter cases to be persuasive.

The United States Trustee has three primary arguments why the Debtors should not be permitted to deduct the transportation expenses on the unencumbered vehicles. First, she argues the statute is clear and unambiguous in that the term "applicable" should be interpreted as limiting the eligibility for expenses under the Local Standards to debtors for whom such expenses are "relevant; suitable; appropriate"[5] suggesting that because the Debtors do not have financing expenses, the ownership expense is not relevant, suitable or appropriate for them. Second, she argues the legislative history, which references the IRM, supports her interpretation because the IRM says that the deduction should only be allowed for encumbered vehicles. Lastly, she argues the policy behind BAPCPA suggests an intention to funnel eligible debtors into chapter 13 and a ruling in her favor would foster that outcome.

The Debtors counter that the plain language of the statute supports their position asserting that the term "applicable" simply refers to the total number of vehicles the Debtors own

---

[3]The Internal Revenue Manual is "a publication of the Internal Revenue Service that provides guidance to revenue collectors. . . . Collection Financial Standards are published by the Internal Revenue Service to determine a taxpayer's ability to pay a delinquent tax liability. The Financial Analysis Handbook contained in part 5, chapter 15, section 1 of the IRM provides instructions to IRS agents for analysis of a taxpayer's financial condition to determine case resolution." *In re Watson*, 366 B.R. 523, 528 (Bankr. D. Md. 2007) citing *In re Fowler*, 349 B.R. 414, 416 (Bankr. D. Del. 2006).

[4]Compare a small sampling of the cases finding the language to be plain on its face: *In re Vaughn*,1-06-bk-00788-MDF, Doc. No. 62 at p. 14-17(Bankr. M.D. Pa. filed June 8, 2007); *In re Fowler*, 349 B.R. 414, 421 (Bankr. D. Del. 2006); *In re Haley*, 354 B.R. 340, 344 (Bankr. D. N.H. 2006); *In re Wilson*, 356 B.R. 114, 117 (Bankr. D. Del. 2006); *In re Hice*, 376 B.R. 771, 776 (Bankr. D. S.C. 2007); *In re Hartwick*, 352 B.R. 867, 869 (Bankr. D. Minn. 2006); to a sampling of the cases looking to the legislative history and finding guidance in the references to the Internal Revenue Manual found therein: *In re Talmadge*, 371 B.R. 96, 101 (Bankr. M.D. Pa. 2007); *In re Hardacre*, 338 B.R. 718, 728 (Bankr. N.D. Tex. 2006); *In re Carlin*, 348 B.R. 795, 798 (Bankr. D. Or. 2006); *In re Barraza*, 346 B.R. 724, 729 (Bankr. N.D. Tex. 2006).

[5]United States Trustee's Br. 9, citing *Random House Unabridged Dictionary* (2006).

or lease, rather than to the number for which they make payments. This is the position endorsed by Judge Eugene Wedoff in his article *Means Testing in the New 707(b)*, 79 Am. Bankr. L.J. 231, 257-58 (2005). The Debtors reference the legislative history of BAPCPA and Congress' failure to adopt an earlier version of BAPCPA which specifically incorporated IRM. Lastly, the Debtors argue that if the United States Trustee's position were adopted, debtors would be encouraged to make eve of bankruptcy financed vehicle purchases, while debtors who drive unencumbered and, likely older, cars would be punished.

### A. The Statutory Language

As with all questions of statutory interpretation, we first turn to the statutory language to determine "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Marshak v. Treadwell*, 240 F.3d 184, 192 (3d Cir. 2001) (internal citations and quotation marks omitted). "[W]hen the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004) (internal citations and quotation marks omitted). "To determine whether the statutory language is ambiguous, we must examine the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001) (internal citations and quotation marks omitted). I consider whether the term "applicable" in § 707(b)(2)(A)(ii)(I) means, as the United States Trustee posits, the Debtors' actual expenses or, whether it merely references the number of vehicles owned and the geographic location of the Debtors.

Case 1:07-bk-02691-RNO    Doc 25    Filed 02/11/08    Entered 02/11/08 11:43:46    Desc
Main Document      Page 5 of 9

The Court finds that the term "applicable" in § 707(b)(2)(A)(ii)(I) cannot be interpreted to mean actual given that the word "actual" is used later in the same portion of the statute. The Court assumes that Congress intended for the term applicable to have a meaning distinct from the term actual, otherwise they would have used the word actual twice. "We give the words of a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import." *Williams v. Taylor*, 529 U.S. 420, 431, 120 S.Ct. 1479, 1487, 146 L.Ed.2d 435 (2000) (internal citations and quotation marks omitted). Congress must have intended to give the term "applicable" a different import given its close statutory proximity to the term "actual." See *In re Fowler*, 349 B.R. at 418.[6] This finding is consistent with the canon of statutory interpretation that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Duncan v. Walker*, 533 U.S. 167, 173, 121 S.Ct. 2120, 2124, 150 L.Ed.2d 251 (2001). Given that the term "applicable" must bear some meaning other than "actual" expenses, I find that it is referring to the number of vehicles and the geographic location of the debtors. Judge Kelley came to a similar conclusion in *In re Grunert,* where she found:

> Congress drew a distinction in the statute between "applicable" expenses on the one hand and "actual" expenses on the other. "Other Necessary Expenses" must be the debtor's "actual" expenses. Expenses under the "Local Standards," in contrast, need only be those "applicable" to the debtor-because of where he lives

---

[6]"Further evidence of Congress' intent is seen from the fact that in the same sentence of section 707(b)(2)(A)(ii)(I), Congress expressly stated that a debtor would be entitled to 'actual monthly expenses' for Other Necessary Expenses. The use of 'actual' with respect to Other Necessary Expenses and 'applicable' with respect to the National and Local Standards must mean that Congress intended two different applications." *Fowler*, 349 B.R. at 418.

-6-

and how large his household is. It makes no difference whether he "actually" has them. *In re Grunert*, 353 B.R. 591, 593 (Bankr. E.D. Wis. 2006).

Further, to the Court, the term "actual" implies existing in reality; "applicable", on the other hand, typically implies appropriate to use for a given purpose. *American Heritage Dictionary of the English Language* 87 (4th ed. 2000).

In sum, I find the juxtaposition of the terms "applicable" and "actual" shows Congress' intention that "applicable" refers not to Debtors' actual car expenses, but rather to their applicable geographic area and the number of vehicles they own.

I find this position to be bolstered by the history of BAPCPA. As discussed in depth by Judge Walrath in *In re Fowler,* a prior version of the bill which became BAPCPA incorporated a financial analysis under the IRM:

> (A) the expense allowances under the applicable National Standards, Local Standards, and Other Necessary Expenses allowance (excluding payments for debts) for the debtor . . . in the area in which the debtor resides as determined under *the Internal Revenue Service financial analysis* for expenses in effect as of the date of the order for relief. *Fowler,* 349 B.R. at 419 citing H.R. 3150, 105th Congress (1998) (emphasis added).

This incorporation of the IRM was removed from the final statute and replaced with the current version of § 707(b)(2), i.e., that a debtor gets the "applicable monthly expense amounts specified under the National and Local Standards." § 707(b)(2)(a)(ii). I agree with Judge Walrath's conclusion that the removal of the direct reference to the IRS's financial analysis signaled that Congress did not intend for Courts to use the IRS guidelines in determining the propriety of expense deductions. Congress clearly knows how to explicitly incorporate a definition or standard from another statutory text when it chooses to do so. *See* §§ 522(n), 523(a)(8)(B).

Case 1:07-bk-02691-RNO    Doc 25    Filed 02/11/08    Entered 02/11/08 11:43:46    Desc
Main Document      Page 7 of 9

The United States Trustee's final argument centers around the policy goals of BAPCPA, suggesting that to interpret the statute as I have leads to an absurd result, i.e., the Debtors, without vehicle liens, are granted a windfall. The court finds this argument unconvincing. The words of the statute, given their plain meaning or dictionary definition, wherever possible should be given effect by the court. *Rousey v. Jacoway*, 544 U.S. 320, 326, 125 S.Ct. 1561, 1566, 161 L.Ed.2d 563 (2005). I believe the explicit statutory language provides ample support for our decision. The Court need not speculate whether this was the result intended by Congress. It is the result required by the language of the statute viewed in the context of the bankruptcy system. If Congress enacted something different from what it intended it should amend the statute. *See U.S. v. Anderson Seafoods, Inc.*, 622 F.2d 157, 161 (5th Cir. 1980) (Congress should amend the statute if our reading produces absurd results). It is beyond the Court's province to rescue Congress from any drafting errors and a court should not provide what it thinks is a preferred result. *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004).

Finally, I do not find the result obtained by giving the statute its plain meaning to be absurd or unwarranted.

**Conclusion**

Based upon the above, the Debtors can utilize the transportation expense for their three vehicles. Under the parties' stipulation, therefore, no presumption of abuse arises.

An Order will be entered denying the United States Trustee's Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(b)(1)&(2).

Date: February 11, 2008

_Robert N. Opel, II_
Robert N. Opel, II, Bankruptcy Judge
This opinion is electronically signed and filed on the same date. (BI)

Case 1:07-bk-02691-RNO    Doc 25    Filed 02/11/08    Entered 02/11/08 11:43:46    Desc
Main Document    Page 9 of 9